FILED: 12/13/2022 7:57 PM
David Trantham
Denton County District Clerk
By: Daisy Abrego, Deputy

22-10618-393

## CAUSE NO. _____

| | | |
|---|---|---|
| **EDWARD VOLPONI** | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff*, | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| **AMERICAN ECONOMY INSURANCE COMPANY** | § | |
| | § | |
| *Defendant.* | § | DENTON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Edward Volponi, by and through counsel, files this Plaintiff's Original Petition complaining of Defendant American Economy Insurance Company and would respectfully show unto the Court and Jury the following:

### I. DISCOVERY LEVEL

1.  Discovery is intended to be conducted under Level Three of Tex. R. Civ. P. 190.

### II. PARTIES, JURISDICTION, AND VENUE

2.  Plaintiff Edward Volponi is a resident of Denton County, Texas.

3.  Defendant American Economy Insurance Company (hereinafter "American Economy") is a licensed insurance company authorized to engage in the business of insurance in the State of Texas and may be served with process by serving its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

4.  The Court has jurisdiction over this matter because the amount in controversy is within the jurisdictional limits of the Court. Pursuant to Tex. R. Civ. P. 47, Plaintiff seeks monetary damages over $250,000 but not more than $1,000,000.



5. Venue for this action is mandatory in Denton County because this claim involves damages to real property. Furthermore, venue is proper in Denton County because all or a substantial part of the events giving rise to the claim took place in Denton County.

### III. BACKGROUND FACTS

6. At all times relevant, Plaintiff owns real Property located at 18025 Tydings Road, Justin, Texas 76247.

7. At all times relevant, the Property was insured against damage and loss, including water damage resulting from frozen pipes.

8. Defendant issued Policy number OZ4947252, with effective dates from November 6, 2020 to November 6, 2021, providing insurance coverage for Plaintiff's Property.

9. On or about February 17, 2021, Plaintiff's Property sustained damage due to frozen pipes. Two of the pipes that burst were located inside the Dwelling, at opposite ends of the home.

10. Plaintiff resides in the Property with his wife, three children and elderly mother-in-law.

11. The significant water loss caused damage to the carpet and subflooring, which is sagging in numerous areas.

12. Plaintiff timely notified American Economy, who assigned Claim Number 044807141-01. American Economy assigned the loss to Adjuster Jay Oxendine. Shane Jarrell inspected the Property on February 26, 2021.

13. Due to the damage, which necessitated plumbing repairs, the Property did not have water for approximately one week.

14. American Economy failed to inform Plaintiff of available coverages under the Policy, including Additional Living Expenses.

15. Plaintiff retained a plumber and paid $2,200 out of pocket to repair the damaged pipes.



16. On or about March 5, 2021, American Economy issued a net payment of $1,162.35. Adjuster Oxendine knew that American Economy had underpaid the Claim and advised Plaintiff to expect a second payment.

17. On March 9, 2021, Adjuster Oxendine acknowledge receipt of Plaintiff's plumbing invoice. Adjuster Oxendine stated: "Thank you. I will review and issue payment to you." However, American Economy failed to issue a timely payment for the incurred plumbing expense.

18. American Economy failed to issue any payment until April 13, 2021, over thirty (30) days after it received Plaintiff's documentation.

19. American Economy's total payments amounted to a mere $2,311.30.

20. Due to American Economy's underpayment of the Claim, Plaintiff was forced to retain a public adjuster, Axiom Insurance Services, to assist.

21. On or about May 4, 2021, Axiom Insurance Services notified American Economy of its representation of the Plaintiff and provided a copy of its estimate.

22. Axiom's estimate, which totaled $173,874.34, was substantially more than the amount of American Economy's estimate.

23. In addition to the cost to repair the damages, Plaintiff will incur additional living expenses while repairs are made to the Property. Such expenses are estimated at $10,000 per month for a comparable property in Justin, Texas, along with storage of personal and household items. Further, Plaintiff will incur consequential losses in an amount to be determined.

24. American Economy provided a copy of the Policy on May 11, 2021. Thereafter, American Economy failed to provide any substantive communications with Plaintiff or Axiom for the next 113 days.



25. On or about September 2, 2021, an American Economy adjuster or representative contacted Plaintiff at home at approximately 9:00 p.m. Plaintiff provided Axiom's contact information.

26. There were no further communications from American Economy until September 30, 2021, when yet another adjuster or representative contacted Plaintiff. Once again, Plaintiff provided Axiom's contact information.

27. On October 26, 2021, Axiom again emailed American Economy, who failed to respond.

28. Finally, on November 9, 2021, American Economy requested a reinspection of the Property.

29. American Economy did not communicate with Plaintiff again until November 29, 2021, when it unprofessionally scheduled a reinspection for the following day. The reinspection consisted of a cursory 20-minute walkthrough.

30. American Economy failed to inform Plaintiff of its findings from the reinspection or any coverage determinations. American Economy did not communicate with Plaintiff or with Axiom for the rest of the year.

31. Finally, on January 3, 2022, Adjuster Oxendine emailed Axiom and stated that American Economy was refusing to revise its estimate or issue payment for any additional damages.

32. Due to American Economy's wrongful delay and underpayment of the Claim, Plaintiff was forced to retain legal representation to protect his interests under the Policy.

33. Plaintiff provided pre-suit notice, pursuant to the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") and the Texas Insurance Code Section 542A.003(a).

34. On August 3, 2022, American Economy received the DTPA notice.



35. On August 26, 2022, American Economy, through counsel, requested another (third) inspection of the Property by its engineer and building consultant.

36. In spite of the Plaintiff's availability, American Economy scheduled the inspection for November 1, 2022, forcing Plaintiff to wait another sixty-seven (67) days for American Economy to properly adjust the Claim.

37. It has been over forty-two (42) days since the inspection, and American Economy has not provided Plaintiff with any information. There have been no communications regarding the results of American Economy's inspection.

38. American Economy has improperly handled and adjusted the Plaintiff's Claim for over twenty-two (22) months. American Economy has forced the Plaintiff and his family to reside in unsafe living conditions, with floors that have fallen into the crawl space, and sagging subflooring that creates numerous tripping hazards.

39. American Economy has delayed resolution of the Claim by continuously reassigning it to new adjusters, failing to communicate with Axiom, delaying the processing of the Claim, and refusing to convey information to its own Insured.

40. American Economy's conduct amounts to egregious delays, unreasonable failure to promptly pay the Plaintiff's Claim, and knowing and/or intentional violations of Texas statutes.

## IV. CAUSES OF ACTION

### Count 1: Breach of Contract

41. Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above for this cause of action against Defendant.

42. The subject Policy of insurance issued by Defendant to Plaintiff constitutes a written contract.



43. The subject Policy provided coverage for the repair or replacement of the Dwelling due to damages caused by the freezing of plumbing.

44. The contract of insurance was accepted, and premiums were paid in a timely manner.

45. Plaintiff has made a Claim for damages, but Defendant has failed and/or refused to adequately and timely compensate Plaintiff under the contract, thereby breaching the contract of insurance.

46. Plaintiff has been damaged as a result of Defendant's breach in the form of unpaid insurance benefits, interest, costs, and attorney's fees.

## Count 2: Breach of Duty of Good Faith and Fair Dealing

47. Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above for this cause of action against Defendant.

48. By its acts, omissions, failures, and conduct as set forth herein, Defendant breached the common law duty of good faith and fair dealing by delaying and denying Plaintiff's covered Claim without any reasonable basis.

49. Defendant has also breached its duty by unreasonably delaying payment of Plaintiff's Claim and by failing to settle Plaintiff's Claim when it knew or should have known that it was reasonably clear that the Claim was covered by the Policy.

50. Plaintiff has been damaged as a result of Defendant's breach in the form of unpaid insurance benefits, interest, costs, and attorney's fees.

## Count 3: Violations of the Texas Insurance Code

51. Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above for this cause of action against Defendant.



52. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant.

53. By its acts, omissions, failures, and conduct, Defendant has engaged in unfair methods of competition and unfair or deceptive acts or practices in the business of insurance in violation of Sections 541.051 and 541.060 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this Petition plus Defendant's unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's Claim and its failure to pay for the proper repair and replacement of the Property after liability had become reasonably clear.

54. Defendant's conduct referenced in this Petition constitutes a violation of the Texas Insurance Code by:

    a. Representing and/or misrepresenting material facts and/or policy provisions relating to the coverage at issue (541.060(a)(1));

    b. Failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim with respect to which liability has become reasonably clear (541.060(a)(2)(A));

    c. Failing to provide promptly a reasonable explanation of the basis in the policy, in relation to the facts or application of law, for the denial of the claim or offer of a compromise settlement of the claim (541.060(a)(3));

    d. Failing within a reasonable time to affirm or deny coverage of a claim or submit a reservation of rights to the policyholder (541.060(a)(4)); and

    e. Refusing to pay the claim without conducting a reasonable investigation (541.060(a)(7)).

55. Plaintiff has been damaged as a result of Defendant's conduct.

56. As a result of Defendant's knowing violation of the Texas Insurance Code, Plaintiff claims court costs and reasonable attorney's fees under Chapter 541.152.



## Count 4: Violations of the DTPA

57. Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above for this cause of action against Defendant.

58. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant.

59. By its acts, omissions, failures, and conduct, Defendant has violated the express provisions of the Texas Deceptive Trade Practices Consumer Protection Act ("DTPA") by using or employing false, misleading, or deceptive acts or practices that are specifically enumerated in Section 17.46(b), including:

   a. Defendant represented to Plaintiff that the homeowner's insurance policy and Defendant's adjusting and investigative services had characteristics or benefits that it did not have in violation of Section 17.46 (b)(5).

   b. Defendant represented to Plaintiff that the homeowner's insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7);

   c. Defendant represented to Plaintiff that the homeowner's insurance policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, in violation of Section 17.46 (b)(12);

   d. Defendant failed to disclose information concerning coverage of Plaintiff's Property which was known at the time that Plaintiff paid the premiums, which was intended to induce Plaintiff into a transaction that he would not have entered if Defendant had disclosed its intent to not provide coverage, in violation of Sections 17.46(b)(24);

   e. Defendant represented that it would pay for a freeze and water loss and pay to repair the damages caused, and then in not doing so, Defendant violated Sections 17.46 (b)(5), (7), (11), (12), and (24).

60. Plaintiff relied on Defendant's false, misleading, and/or deceptive acts or practices to his detriment, and Plaintiff seeks relief under the DTPA Section 17.50(a)(1).



61.     The above-described course of action and conduct was unconscionable, taking advantage of Plaintiff to a grossly unfair degree, thereby violating DTPA Section 17.50(a)(3).

62.     As set forth above, Defendant's acts, omissions, failures, and conduct violate Chapter 541 of the Texas Insurance Code, and Plaintiff seeks relief under DTPA Section 17.50(a)(4).

63.     The above-described course of action and conduct was committed knowingly and/or intentionally, for which Plaintiff should recover additional damages as provided by the DTPA.

### Count 5: Violation of the Prompt Payment of Claims Act

64.     Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above for this cause of action against Defendant.

65.     Defendant violated the Prompt Payment of Claims Act, Section 542.051 of the Texas Insurance Code, by failing to properly and timely investigate Plaintiff's Claim and by failing to fully pay Plaintiff's Claim.

66.     Section 542.058(a) of the Texas Insurance Code provides:

> Except as otherwise provided, if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by Section 542.060.

67.     Defendant's failure to fully pay Plaintiff's Claim constitutes an automatic violation of Section 542.058.

68.     Accordingly, Plaintiff is entitled to the relief set forth in Section 542.060, including the amount of the Claim under the Policy, interest on the amount of the Claim, and reasonable and necessary attorney's fees.



## V. WAIVER AND ESTOPPEL

69. Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter, disclaimer letter, or denial letter to Plaintiff. Further, Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage stated in any reservation of rights due to Defendant's failure to issue such letter in a timely manner.

## VI. CONDITIONS PRECEDENT

70. All conditions precedent necessary to maintain this action have been performed. This lawsuit is filed within two years of discovery of the acts complained of herein.

## VII. DAMAGES

71. Plaintiff has sustained damages as a result of Defendant's wrongful conduct as alleged herein. Such damages include, but are not limited to, the full amount of the Plaintiff's Claim.

72. Plaintiff is also entitled to recover interest on the amount of the Claim at the rate of 15% a year as damages under the Prompt Payment of Claims Act.

73. Defendant "knowingly" and "intentionally" engaged in unfair methods of competition and deceptive trade practices, as those terms are defined by the DTPA. As such, Plaintiff seeks recovery of additional damages, including mental anguish.

74. Alternatively, Plaintiff seeks exemplary damages due to conduct that resulted from fraud, malice, or gross negligence.

75. Plaintiff also seeks recovery for attorney's fees and court costs, pursuant to Section 17.50(d) of the Texas Business and Commerce Code, Sections 541 and 542 of the Texas Insurance Code, and Section 38.001 of the Texas Civil Practice and Remedies Code.



## VIII. JURY DEMAND

76.     Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff respectfully requests that this case be tried before a jury.

## IX. TRCP 193.7 NOTICE

77.     Pursuant to Section 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby puts Defendant and all future parties on notice of Plaintiff's intention to use Defendant's discovery responses and any documents produced in conjunction with same during depositions, hearings, trials or any other proceedings in this matter.

## X. PRAYER AND DEMAND FOR JUDGMENT

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that, upon final jury trial, the Court enter judgment against Defendant awarding Plaintiff all of his damages, attorney's fees, courts costs, pre-judgment and post-judgment interest at the highest rate permitted by law, damages authorized by the Texas Insurance Code and the Texas Business and Commerce Code, damages for mental anguish, and such other and further relief, both at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

SCHNEIDER LAW INC.

/s/ Melanie C. Schneider
Melanie C. Schneider
Texas State Bar No. 24118669
5050 Quorum Drive, Ste 700
Dallas, Texas 75254
Phone: 972-767-8676
Email: MS@storm-legal.com

**ATTORNEY FOR PLAINTIFF**



## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Melanie Schneider on behalf of Melanie Schneider
Bar No. 24118669
MS@storm-legal.com
Envelope ID: 70987905
Status as of 12/14/2022 9:40 AM CST

Associated Case Party: Edward Volponi

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Melanie Schneider | | MS@storm-legal.com | 12/13/2022 7:57:08 PM | SENT |

Associated Case Party: American Economy Insurance Company

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Kieran Leary | | kieranl@tbmmlaw.com | 12/13/2022 7:57:08 PM | SENT |

CERTIFIED A TRUE AND CORRECT COPY OF THE RECORD ON FILE IN MY OFFICE
DAVID TRANTHAM
DENTON COUNTY DISTRICT CLERK
12/21/2022   By: Fernando D. [signature]   Deputy Clerk

# **TAB 3**

| CITATION –TRC 99 and 106 |
|---|

THE STATE OF TEXAS                                                  COUNTY OF DENTON

**CAUSE NO. 22-10618-393**

**TO: American Economy Insurance Company, Registered Agent, Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, TX 78701; or wherever he/she may be found.**

Notice to defendant: You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may also be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

| Court: | 393rd Judicial District Court<br>1450 E. McKinney, 4th Floor, Denton, TX 76209 |
|---|---|
| Cause No.: | 22-10618-393 |
| Date of Filing: | December 13, 2022 |
| Document: | Plaintiff's Original Petition |
| Parties in Suit: | Edward Volponi; American Economy Insurance Company |
| Clerk: | David Trantham, District Clerk, 1450 E. McKinney, Suite 1200, Denton, TX 76209 |
| Party or Party's Attorney: | Melanie C. Schneider<br>5050 Quorum Drive, Ste. 700, Dallas, TX 75254 |

Issued under my hand and seal of this said court on this the 14th day of December, 2022.

David Trantham, District Clerk
Denton, Denton County, Texas

BY: _____Dabrego_____, Deputy
Daisy Abrego

---

### Service Return

Came to hand on the _____ day of _____, 20___, at _____ m., and executed on the _____ day of _____, 20___, at _____ M by delivering to the within named _____
in person a true copy of this citation, with attached copy(ies) of the Plaintiff's Original Petition, at
_____

Service Fee: $ _____                                    _____ Sheriff/Constable
                                                                _____ County, Texas

Service ID No. _____                                    Deputy/Authorized Person

### VERIFICATION

On this day personally appeared _____ known to me to be the person whose name is subscribed on the foregoing instrument and who has stated: upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure. I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Denton County Courts to serve process.

Subscribed and sworn to before me on this the _____ day of _____, 20__
_____ Notary Public

CERTIFIED A TRUE AND CORRECT COPY
OF THE RECORD ON FILE IN MY OFFICE
DAVID TRANTHAM
DENTON COUNTY DISTRICT CLERK
12/21/2022  By: _Fernando Noatu_  Deputy Clerk

# TAB 4

FILED: 12/16/2022 10:40 AM
David Trantham
Denton County District Clerk
By: Rebecca Moss, Deputy

## AFFIDAVIT OF SERVICE

**State of Texas**  **County of Denton**  **393rd Judicial District Court**

Case Number: 22-10618-393

Plaintiff:
**Edward Volponi**

vs.

Defendant:
**American Economy Insurance Company**

For:
Schneider Law
5050 Quorum Drive
Suite 700
Dallas, TX 75254

Received by Dane Ray Cuppett on the 14th day of December, 2022 at 12:35 pm to be served on **American Economy Insurance Company by serving its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Travis County, TX 78701**.

I, Dane Ray Cuppett, being duly sworn, depose and say that on the **14th day of December, 2022** at **3:27 pm, I:**

executed to the **REGISTERED AGENT** by delivering a true copy of the **Citation and Plaintiff's Original Petition** with the date of delivery endorsed thereon by me, to **Terri Tremblay, Corporation Service Company** as the designated agent to accept delivery of process at the address of **211 East 7th Street, Suite 620, Austin, Travis County, TX 78701** on behalf of **American Economy Insurance Company** and informed said person of the contents therein.

I certify that I am over the age of 18, have no interest in the above action, and am a certified process server, in good standing, in the judicial circuit in which the foregoing occurred. The facts in this affidavit are within my personal knowledge and are true and correct.

Subscribed and sworn to before me on the 14th day of December, 2022 by the affiant who is personally known to me.

NOTARY PUBLIC

NICOLE M. WADE
My Notary ID # 129086967
Expires August 9, 2024

Dane Ray Cuppett
PSC-7114, Exp. 10/31/2023
12/14/2022
Date

Malone Process Service, LLC
P.O. Box 720040
Dallas, TX 75372
(877) 997-3783

Our Job Serial Number: ATX-2022014460
Ref: E. Volponi v American Economy



Copyright © 1992-2022 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2m

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 71082816
Status as of 12/16/2022 12:00 PM CST

Associated Case Party: Edward Volponi

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Melanie Schneider | | MS@storm-legal.com | 12/16/2022 10:40:45 AM | SENT |

Associated Case Party: American Economy Insurance Company

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Kieran Leary | | kieranl@tbmmlaw.com | 12/16/2022 10:40:45 AM | SENT |

CERTIFIED A TRUE AND CORRECT COPY
OF THE RECORD ON FILE IN MY OFFICE
DAVID TRANTHAM
DENTON COUNTY DISTRICT CLERK
12/21/2022   By: Fernando Martin, Deputy Clerk