IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| EDWARD VOLPONI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-CV-00036-SDJ-AGD |
| | § | |
| AMERICAN ECONOMY INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

The above-referenced case was referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636. Pending before the court is Defendant American Economy Insurance Company's ("Defendant") Opposed Motion to Compel Appraisal and Abate Litigation Pending the Outcome of Appraisal ("Motion to Compel") (Dkt. #19), filed on August 10, 2023. On August 23, 2023, Plaintiff Edward Volponi ("Plaintiff") filed his Response in Opposition (Dkt. #24). Defendant's Reply in Support was filed on August 28, 2023 (Dkt. #25), and Plaintiff's Sur-Reply was filed on September 4, 2023 (Dkt. #29). After considering the Motion and all relevant filings, the court finds that Defendant's Motion to Compel (Dkt. #19) should be **GRANTED**.

**BACKGROUND**

Plaintiff originally filed this lawsuit in state court on December 13, 2022 (Dkt. #3). Plaintiff removed the lawsuit on January 13, 2023, based on diversity jurisdiction (Dkt. #1 at p. 1). Following an Order and Advisory, (Dkt. #5), Plaintiff amended his complaint on February 16, 2023, (Dkt. #6), and Defendant amended its answer on March 8, 2023, (Dkt. #9). Plaintiff's Amended Complaint alleges storm damage to Plaintiff's residential property covered by an

insurance policy issued by Defendant (Dkt. #6 at p. 2). On August 10, 2023, Defendant filed its Opposed Motion to Compel Appraisal and Abate Litigation Pending the Outcome of Appraisal (Dkt. #19). The Motion is now fully briefed and ripe for consideration.

## LEGAL STANDARD & ANALYSIS

Plaintiff argues that Defendant waived its right to invoke appraisal (Dkt. #24; Dkt. #29), and Defendant denies waiver (Dkt. #19; Dkt. #25). The issue of waiver focuses on when the parties reached an impasse. The parties agree on this standard and have both cited to *In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404 (Tex. 2011). *Universal Underwriters* states in relevant part:

> Using the point of "impasse," rather than the first sign of disagreement, corresponds with our definition of waiver as an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right. In other words, *both parties must be aware* that further negotiations would be futile, or would be of no effect if performed. If one party genuinely believes negotiations to be ongoing, it cannot have intended to relinquish its right to appraisal (unless it expressly waives it).

*Id.* at 409 (internal citations and quotation marks omitted).

Impasse only occurs when **both parties are aware** of a breakdown in negotiations. Plaintiff argues that both parties were aware that they were at an impasse when Plaintiff hired counsel (Dkt. #24 at p. 6). ("Conversation and negotiations were futile. *Plaintiff knew* that the Parties were at an impasse when it hired Counsel.") (emphasis added). Defendant argues that neither side is at an impasse (Dkt. #19 at p. 7). ("Here, the Parties have yet to even approach an impasse. Plaintiff wants to negotiate further, as evidenced by his Motion to Compel Mediation and statement therein that he 'reasonably expected that this matter could be resolved' as soon as 'August 2, 2023.' [Defendant] is willing to negotiate further; it just won't pay Plaintiff $439,919.82 for the modest damage to his mobile trailer park home.").

Plaintiff was pursuing alternative dispute resolution until at least August 3, 2023, when he filed a Motion to Compel Mediation (Dkt. #18). Defendant's Motion to Compel Appraisal came only one week later, August 10, 2023 (Dkt. #19). Accordingly, the court finds that no impasse had been reached prior to Defendant's filing of its Motion to Compel (Dkt. #19). As such, Defendant did not waive its right to invoke appraisal.

Moreover, the Parties willingly entered into a contract with an appraisal provision (Dkt. #19, Exhibit 2). The appraisal provision states:

> Any demand for appraisal must be made either within the contractual suit limitations period stated in this policy or during the pendency of a timely filed lawsuit related to the claimed loss. . . . If you or we timely demand an appraisal, then upon request made by either you or us for abatement of any suit for or involving the claimed loss, the suit shall be abated until after an appraisal award is made in accord with this appraisal clause.

(Dkt. #19, Exhibit 2 at p. 71). Both Parties acknowledge the contractual appraisal provision, and neither party attacks its enforceability (outside the issue of waiver). Therefore, the court finds that this valid contractual provision, which has not been waived, is enforceable. Defendant timely invoked its right to appraisal during the pendency of this lawsuit related to the claimed loss. The lawsuit should therefore be abated until after an appraisal award is made according to the provisions of the contract.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the court recommends that Defendant's Motion to Compel Appraisal and Abate Litigation Pending the Outcome of Appraisal (Dkt. #19) should be **GRANTED**. The court further recommends that the Parties should be **COMPELLED** to participate in appraisal in accordance with the contract and that the instant lawsuit and all future deadlines should be **ABATED** pending the outcome of the appraisal. Finally, the court also recommends that the Parties submit a joint status report to the court within ten (10) days of the

completion of appraisal. The joint status report shall contain a jointly proposed amended scheduling order. Upon receipt of such, the undersigned shall reopen the lawsuit and reset the case on Judge Jordan's trial docket as necessary for final disposition.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 26th day of January, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE